STATE of Arkansas *v.* John Paul PARKMAN

CR 96-41                                923 S.W.2d 281

Supreme Court of Arkansas
Opinion delivered June 3, 1996

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen. and Senior Appellate Advocate, for appellee.

No response.

PER CURIAM. This is an appeal by the State in a criminal matter. The transcript was filed by the State on January 10, 1996, and the appellant's brief was due forty days from that date. Ark. Sup. Ct. R. 4-3(b). The State first received a seven-day Clerk's extension on February 20, 1996. Thereafter, this court granted extensions of time for filing the State's brief (1) on February 26, 1996; (2) on March 14, 1996; (3) on March 28, 1996; (4) on April 11, 1996; and (5) on April 25, 1996. On April 25, 1996, we noted that this was the final extension and that the extended date for filing was May 8, 1996. No brief was filed by the State on that date.

On May 8, 1996, the State moved for eight additional days in which to file its brief, which would extend the deadline to May 16, 1996. No extension was granted by this court, and no brief was filed by that date.

On May 16, 1996, the State moved for an extension of time to file its brief to May 23, 1996. In that motion, the State observed that appellee Parkman is not incarcerated in Arkansas but is incar-

cerated in Texas as a suspected serial rapist. The State also mentioned that its basis for appeal was an improvident dismissal of an Arkansas rape charge for violation of the speedy trial rules. Parkman's counsel had no objection to the extension. No extension was granted by this court, and no brief was filed by May 23, 1996. On May 23, 1996, the State filed an identical motion for extension of time in which to file its brief to May 31, 1996.

In sum, nine extensions have been requested by the State. Three extensions have been requested since the final extension granted by this court on April 25, 1996, and no approval of those later extensions has been forthcoming from this court.

■ It is clear to this court that the State has not acted responsibly or with diligence in this matter. The specific Deputy Attorney General involved states that he is inundated with work, but even so, there should be others in the Criminal Appeals Division of the office available to take up the slack for him. We, therefore, conclude that if the State's brief in this matter is not filed by May 31, 1996, the State's appeal will be dismissed. Henceforth, we will not entertain appeals by the State when the State's brief is not filed in accordance with the specified deadline in the final extension granted by this court.

DUDLEY, J., not participating.