STATE of Arkansas *v.* TIEN Ngoc Doan and Trung Do

CR 96-348                                    929 S.W.2d 155

Supreme Court of Arkansas
Opinion delivered September 23, 1996
[Petition for rehearing granted in part and denied in part
November 11, 1996]

*Winston Bryant*, Att'y Gen., by: *Kelly K. Hill*, Deputy Att'y Gen., for appellant.

*Sam Sexton III* and *Jeanne Ann Whitmire*, for appellees.

PER CURIAM. The appellees in this case, Tien Ngoc Doan and Trung Do, move to affirm the pretrial order of the Sebastian County Circuit Court suppressing their confessions. The State appealed the order, and on March 18, 1996, the record was filed with the clerk of this court. The State's original brief was due on April 27, 1996. According to the records of the Clerk of this court, a seven-day clerk's extension was first obtained and then this court granted the State six extensions of time in which to file its brief: (1)

May 6, 1996; (2) May 22, 1996; (3) June 10, 1996; (4) June 21, 1996; (5) July 2, 1996, and (6) July 13, 1996. The extension granted on July 13, 1996, was designated a final extension and required that the State's brief be filed by July 26, 1996. The State's brief was not filed by that deadline.

On June 3, 1996, this court issued a *per curiam* opinion in a case where the State had obtained nine extensions in which to file its brief in a State appeal. *State* v. *Parkman*, 325 Ark. 35, 923 S.W.2d 281 (1996). In *Parkman*, we noted that the State had obtained three extensions beyond the date of the final extension. We concluded that if the State's brief was not filed by a date certain, the appeal would be dismissed. The brief was not filed by that date, and the appeal was dismissed on June 24, 1996. We stated in *Parkman*:

> Henceforth, we will not entertain appeals by the State when the State's brief is not filed in accordance with the specified deadline in the final extension granted by this Court.

325 Ark. at 36, 923 S.W.2d at 282.

The Attorney General in the case before us has filed a response to the appellees' motion to affirm in which it is stated that the staff attorney assigned to the case has been replaced. The Attorney General states that he cannot explain why the original counsel missed the deadline and apologizes for the lapse. We note, nonetheless, that the *Parkman per curiam* opinion was handed down on June 3, 1996, which was well before the final deadline granted by this court in the instant case of July 26, 1996. In accordance with our clear directive in the *Parkman per curiam*, we affirm the order of the trial court and dismiss the State's appeal.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. Appellees Tien Ngoc Doan and Trung Do are charged with the murder of Thavone Mousom and with engaging in violent criminal group activity. Appellees retained an Oklahoma attorney who first advised them to refuse to give any statement. After charges were actually filed against appellees, they executed a waiver-of-rights form on advice of their attorney and gave incriminating statements. Tien and Trung then pleaded guilty, but the trial court later set aside their pleas because their attorney was not licensed in Arkansas. The trial court granted appellees' motion to suppress their statements, and the State filed

this interlocutory appeal.

In this appeal, the Attorney General's office has been granted six extensions for a total of eighty-nine days in order to file its brief. The last extension was designated final extension. The State has now tendered its brief, but the majority court has refused the brief and dismissed the State's appeal.

I write to point out that this court has never dismissed an appeal in a criminal case because a brief was tendered late. Over the past two years, this court has routinely allowed belated briefs to be filed by appellants who were convicted defendants with counsel. For some reason, the court now unfairly dismisses the State's appeal because it was eighty-nine days late. In 1994 and 1995, this court allowed defendants, who were convicted and appealed, to file briefs that were later than eighty-nine days and after final extensions were granted. Examples of those cases are as follows:

| *1994* | | *1995* | |
|---|---|---|---|
| Case No. | Days | Case No. | Days |
| CR94-0030 | 105 | CR95-0150 | 134 |
| CR94-0113 | 180 | CR95-0296 | 111 |
| CR94-0238 | 180 | CR95-0408 | 149 |
| CR94-0267 | 134 | CR95-0546 | 120 |
| CR94-0322 | 156 | CR95-0645 | 150 |
| CR94-0358 | 209 | CR95-0711 | 90 |
| CR94-0558 | 90 | CR95-1027 | 120 |
| CR94-0590 | 92 | CR95-1039 | 138 |
| CR94-0838 | 90 | CR95-1309 | 118 |
| CR94-0848 | 202 | | |
| CR94-0995 | 270 | | |
| CR94-1183 | 120 | | |
| CR94-1340 | 112 | | |
| CR94-1389 | 99 | | |

No reason exists for treating the State more harshly when it files a late brief than a convicted defendant when his or her attorney is late. Nonetheless, under today's decision, when an attorney representing a convicted defendant is late, as described above, this court still accepts the brief, but not so, if the attorney represents the State. Obviously, it is the public, not the State's attorney, who will unjustifiably suffer the consequences. In simple terms, the majority court's per curiam is wrong.