Lamont BOWDEN *v.* STATE of Arkansas

CR 95-1258                                                    931 S.W.2d 104

Supreme Court of Arkansas
Opinion delivered October 14, 1996

*Ronald Carey Nichols,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

PER CURIAM. On June 21, 1996, we issued a show-cause order to the appellant's counsel for failure to file the appellant's brief after having been granted four extensions totaling 104 days. The appel-

lant's brief was tendered on June 28, 1996. However, his counsel was given seven days to correct this brief. A brief containing sixteen pages of abstract and three pages of argument was ultimately filed on July 9, 1996.

On August 6, 1996, the State filed a Motion to Direct Compliance with Rule 4-3(h) because the appellant's counsel had only abstracted the parts of the record which pertained to the one issue he raised on appeal. Because the appellant was sentenced to life without parole, Rule 4-3(h) requires that the appellant abstract all rulings adverse to him. On September 9, 1996, this court granted the State's motion and allowed the appellant until September 29, 1996 to file a brief in compliance with Rule 4-3(h).

However, also on September 9, 1996, appellant's counsel filed two additional motions which are now before this court, a motion to amend brief, and a motion to supplement the record. In his motion to supplement the record, appellant's counsel asserts that the omnibus hearing was not transcribed and is not a part of the record, and asks that the court reporter be ordered to prepare a transcript of this hearing. In the motion to amend his brief, he requests that he be allowed to supplement his brief with an abstract of this hearing. As it will be necessary for the omnibus hearing to be transcribed if the appellant is to comply with Rule 4-3(h), we grant the motions.

The court reporter is directed to complete the record as requested within thirty days of this opinion, and appellant's amended brief shall be due seven days thereafter.

Although the concurring justice has taken issue with this court's dismissal of the State's appeal in a previous and unrelated case, we do not need to belabor the obvious. There is a significant and inherent difference between appeals brought by criminal defendants and those brought on behalf of the state. The former is a matter of right, and to cut off a defendant's right to appeal because of his attorney's failure to follow rules would violate the Sixth Amendment right to effective assistance of counsel. *See Franklin* v. *State*, 317 Ark. 42, 875 S.W.2d 836 (1994); Ark. R. App. P. — Crim. 1. The latter is not derived from the Constitution, nor is it a matter of right, but is granted pursuant to our rules. *See* Ark. R. App. P. — Crim. 3.

We further gave the State fair notice in *State* v. *Parkman*, 325

Ark. 35, 923 S.W.2d 281 (1996) which was handed down on June 3, 1996:

> Henceforth, we will not entertain appeals by the State when the State's brief is not filed in accordance with the specific deadline in the final extension granted by this Court.

GLAZE, J. concurs.

TOM GLAZE, Justice, concurring. Two weeks ago, this court dismissed the State's appeal because its attorney was 89 days late in filing a brief. That dismissal resulted in two defendants' confessions being suppressed at a murder trial without this court determining the legality of suppressing those confessions. *See State* v. *Tien*, 326 Ark. 71, 929 S.W.2d 155 (1996).

Today we have the flip-side of the *Tien* case. Here the defendant Bowden, convicted of murder, has appealed, but his attorney has not, as yet, filed a correct or proper brief even though *249 days* have passed since his first brief was due. Even though Bowden's attorney was given 105 days, plus 60 more days after a final extension, this court voiced no intention of dismissing Bowden's appeal. In fact, after these 165 days passed, we issued a show cause order and allowed Bowden's attorney to come before us to give his excuse for being late. After hearing his story, this court permitted the attorney to continue on the case. Now, as previously mentioned, 249 days have passed, but this court has given no thought or consideration (nor should it) to dismissing defendant Bowden's appeal.

This court attempts to shield itself from justifiable criticism by saying a defendant's Sixth Amendment right to counsel is the reason why a defendant's appeal cannot be dismissed, but a state's appeal can. It suggests that, because the State has no constitutional right to have its appeal heard, its appeals may be dismissed for its attorney's error.

The court's expressed justification for treating State and defendant criminal appeals differently would be funny if it did not have such grave consequences. The court's per curiam ignores two glaring principles.

One, this court over the years has consistently applied the *same rule* to *all* appeals, both *state and defendant* — it has *never* dismissed a criminal appeal because an attorney failed to file a timely brief.

Simply put, this court, aside from any Sixth Amendment differences, has always treated state and defendant criminal appeals the same. In other words, the court's decision to treat all appeals the same is case-precedential, not constitutional. The real question is why did this court in *Tien* choose to depart from its longstanding precedent by deciding to dismiss a state criminal appeal? The majority court's reference to a defendant's right to effective counsel in no way answers this question.

The second principle this court has applied when a defendant's or state's counsel erred in filing an untimely brief is the court would invite or order the attorney to proffer his or her reason for being late. Again, why did the court not extend that courtesy to the State's attorney in the *Tien* case? The court's per curiam in no way tries to justify its failure on this point, and I submit there is none.

This court's unfair, disparate treatment in dismissing the public's case for the mistake of a State's attorney, but refusing to dismiss and affirm a defendant's appeal for his attorney's repeated tardiness, only fosters distrust and a lack of confidence in our judicial system. This court's uneven application of its criminal appellate rules and its exercise of discretion is incredibly punitive. In short, it punishes the people of this state by denying them the fairness of having their cases procedurally heard on appeal and decided in the same manner as a defendant's. Until *Tien,* this court adhered to a fairness principle when deciding state and defendant appeals, but has abandoned it for no expressed reason.

In the *Tien* case, I dissented and pointed out the fact I reiterate now — this court has *never* dismissed a criminal appeal (the State's or defendant's) because an attorney filed a late brief. I listed twenty-three defendants' appeals in this court in 1994 and 1995 where we granted further extensions *after* this court had previously established a final extension date. Eighteen (18) of those appeals involved situations where a defendant's attorney was *more than 100 days late* with his or her brief. This court appropriately never dismissed (or even considered dismissing) a defendant's appeal for an attorney's tardiness. Again, nor has the court ever dismissed a state's appeal for that reason.

When a State's attorney errs, this court has available to it the same sanctions and discretion it exercises in a defendant's appeal when his or her attorney errs. The court can remove the attorney,

have the attorney appear before it to give a reason why he or she missed filing deadlines and send the attorney's name to the Professional Conduct Committee. This court has routinely followed these procedures and sanctions in past appeals. Once again, why it now chooses to abandon these longstanding procedures and precedents in only State appeals puzzles me; but as already noted, the court's decision to do so punishes the Attorney General's Office, and more importantly, the people of this state.

This court's decision in *Tien* is fundamentally wrong, and it poisons the very core of our court's criminal appellate rules whose object is to provide equal justice for *all* parties — even the State. Significantly, this court's criminal appellate rules nowhere provide for the dismissal of a criminal case for the failure to file a brief, although such dismissal may be granted in civil cases. I submit that our criminal appellate rules do not provide for dismissals in such circumstances because the court never contemplated dismissing criminal appeals for such reasons.

This court should overrule its decision in *Tien*, return to our rules and case law precedent and allow *all* criminal appeals to come to a conclusion, even if an attorney files a late record or brief. *See Terry v. State*, 272 Ark. 243, 613 S.W.2d 90 (1981); *In Re: Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979) (per curiam). Accordingly, even though Bowden's attorney is 249 days late, this court is correct in allowing him to supplement his record and file a corrected brief. In any event, his case should not be dismissed because of his attorney's tardiness.

Finally, I must add that the deputy attorney general, who erred in *Tien*, has an otherwise excellent reputation for filing well-researched and well-written briefs for the State. That reputation has been recognized at one time or another by every member of this court. His failure to perform in the *Tien* appeal was not at all consistent with his past outstanding performances. Nonetheless, this court never gave this deputy attorney general an opportunity to explain why he had failed to file a timely brief — an opportunity this court has extended even the worst offending defendant's attorney, such as Bowden's in the present case. I am embarrassed for this court's failure to extend that courtesy to the deputy attorney general in *Tien*. Perhaps this court could in some manner offer recompense by reversing itself in *Tien* and own up to its own mistakes.