STATE of Arkansas *v.* TIEN Ngoc Doan and Trung Do

CR 96-348                                                   933 S.W.2d 369

Supreme Court of Arkansas
Opinion delivered November 11, 1996

*Winston Bryant,* Att'y Gen., by: *Kelly K. Hill,* Asst. Att'y Gen., for petitioner-appellant.

*Sam Sexton III* and *Jeanne Ann Whitmire,* for respondents-appellees.

PER CURIAM. Petitioner State of Arkansas requests rehearing on several grounds and seeks clarification of whether this court's

decision in *State* v. *Tien*, 326 Ark. 71, 929 S.W.2d 155 (1996) (*Tien I*), affirmed the trial court's decision to suppress confessions or, alternatively, dismissed the State's appeal. As the State points out, the difference between affirmance of the trial court's order and dismissal of the State's appeal in this context is important in that if our decision in *Tien I* affirmed the trial court's suppression order "in its entirety," this would bar further proceedings against respondents Tien and Trung under Arkansas Rule of Appellate Procedure — Criminal 3(d).

In *Tien I*, the respondents filed a motion to affirm the trial court's order in this court due to the State's failure to file its appellate brief in timely fashion, and the State responded and simultaneously moved that we accept its late brief. Because the State's brief had not been filed by the final extension date, we quoted from *State* v. *Parkman*, 325 Ark. 35, 923 S.W.2d 281 (1996), where we warned of future dismissals in the event the State's brief in State appeals was not filed by the date of the final extension. In light of the fact that the State's brief had not been filed by the final-extension date in this case, we affirmed the order of the trial court in *Tien I* and dismissed the appeal.

It is clear from the history of this matter outlined above that we did not consider the merits of the trial court's suppression order in *Tien I*. Rather, we affirmed the trial court's order on the sole basis that the State's brief was not timely filed. Thus, we did not sustain the trial court's order "in its entirety" in order to effect a complete bar to subsequent prosecution as Appellate Rule — Criminal 3(d) contemplates. Our decision in *Tien I* is more akin to a dismissal of the State's appeal as we discussed in *State* v. *Parkman*, *supra*.

We, therefore, grant rehearing for the purpose of holding that the State's appeal is dismissed and that we are not affirming the trial court's suppression order so as to bar further proceedings in this matter. The effect of our decision is to allow the State to prosecute the respondents, should it so desire, but without the availability of the suppressed statements as evidence. At the same time, we deny the State's petition that we reverse our order of dismissal.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. The State asks this court to correct its earlier mistakes in dismissing this case because the Attor-

ney General filed a late brief. The State points out that this court's earlier opinion granted the defendants' request to affirm the trial court's suppression order on its merits, thereby barring the State from further prosecuting defendants. Without actually saying it had erred by using the word "affirm," the majority court now says, "It is clear from the history of this matter outlined above that we did not consider the merits of the trial court's suppression order in *Tien I*." In short, even when the majority court recognizes its mistake, it cannot concede the mistake in plain terms. I submit that when this court sends mixed signals in the same opinion such as "affirm" and "appeal dismissed," nothing about that opinion can be considered clear.

However, the primary problem with the majority court's supplemental opinion is that it fails to concede its failure to follow its rules and long-established precedent when dismissing the state's appeal. As I previously have emphasized, this court has *never* dismissed a criminal appeal because an attorney failed to file a timely brief. *See* Glaze, J., dissenting opinions, *State* v. *Tien*, 326 Ark. 71, 72, 929 S.W.2d 155 (1996); *Bowden* v. *State*, 326 Ark. 266, 931 S.W.2d 104 (1996). This court's unwillingness to admit its errors in this case does little to preserve the integrity of its decisions. In my sixteen years on the appellate bench, this decision is undoubtedly the worst I have seen from this court. I would reverse *Tien I* before its precedential value causes further harm.