## Lamont BOWDEN *v.* STATE of Arkansas

CR 95-1258                                              940 S.W.2d 494

Supreme Court of Arkansas
Opinion delivered April 7, 1997

*Ronald Carey Nichols*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Lamont Bowden was convicted of capital felony murder, Ark. Code Ann. § 5-10-101(a)(1) (Supp. 1995), and sentenced to life imprisonment without parole as the result of his participation in an aggravated robbery of Andre's Restaurant in Little Rock during which Andre Simon was shot and killed. Mr. Bowden presented the affirmative defense of lack of capacity, due to mental disease or defect, to conform his conduct

to the requirements of law or to appreciate the criminality of his conduct. Ark. Code Ann. § 5-2-312 (Repl. 1993). In support of that defense, he sought to show that he had received Social Security checks from the federal government due to a mental disability. The Trial Court held that evidence inadmissible absent a showing that the standard for determining the entitlement to such aid was the same as the statutory description of lack of capacity to engage in criminal misconduct. As the Trial Court did not abuse his discretion in determining the evidence to be inadmissible, we affirm the judgment.

By a *per curiam* order of October 14, 1996, we granted Mr. Bowden's motion to supplement the record with a transcript of an omnibus hearing that was conducted for the purpose of deciding motions presented to the Trial Court. *Bowden v. State,* 326 Ark. 266, 931 S.W.2d 104 (1996). The stated purpose of granting the motion to supplement the record was to permit an abstract to be filed so that the entire record could be reviewed for errors prejudicial to the accused. Such a review is required by our Rule 4-3(h). In his substituted brief containing the revised abstract, Mr. Bowden added three points of appeal to the one mentioned above. In a subsequent order we granted the State's motion to strike the three additional points and arguments because permission had not been granted to add arguments. We thus address only the one argument made by Mr. Bowden in his initial brief.

The State's evidence showed that Mr. Bowden and three others drove to Andre's Restaurant where Mr. Bowden had formerly been employed. In a statement to police officers, Mr. Bowden admitted that he drove the car, that he was aware that his passengers were armed, and that he knew they intended to rob the restaurant. The evidence showed that Marco Prowell and Terry Smith, two of the passengers, entered the restaurant and demanded money. Mr. Prowell shot Mr. Simon, and both departed in the car driven by Mr. Bowden.

When the issue arose about Mr. Bowden's attempt to introduce evidence of his Social Security checks, his counsel said he planned to present evidence from Mr. Bowden's girlfriend to the effect that Mr. Bowden received the checks. Counsel also alluded

to the fact that he had discussed the matter with a psychologist who testified in Mr. Bowden's behalf, but counsel did not inform the Trial Court of the witness's response. At one point, Mr. Bowden informed the Trial Court, "The check is for two personalities switching personalities. A second personality switching retardation." There was no proffer of any evidence concerning the standard used by the Social Security agency to determine Mr. Bowden's entitlement to the checks.

The Trial Court's decision to exclude the evidence in question was expressed as follows:

> But you're going to have to show me that the Social Security Administration's standards are the same as the legislative mandated standards determining mental capacity. If they are, it's admissible, but if they're not, it's not admissible.

The decision was obviously based on the Trial Court's concern, in response to the State's objection, that the mere evidence that Mr. Bowden was receiving the Social Security checks would not be relevant. Ark. R. Evid. 401. Even if it could be said to have been marginally relevant, it might well have been confusing to the jury, which might have concluded that a determination by the federal government that Mr. Bowden was entitled to assistance due to a mental disability amounted to proof that he lacked the capacity to commit the crime alleged. *See* Ark. R. Evid. 403.

██ Decisions on relevancy, such as the one made in this case, fall within the broad discretion of the Trial Court, and we do not reverse unless there has been an abuse of that discretion. *Pyle v. State,* 314 Ark. 165, 862 S.W.2d 823 (1993); *Dixon v. State,* 311 Ark. 613, 846 S.W.2d 170 (1993). We conclude there was no abuse of discretion. That is especially so in view of the possibly confusing nature of the evidence sought to be presented and the opportunity offered to Mr. Bowden, but not accepted by him, to demonstrate its relevancy.

██ Mr. Bowden also argues the evidence that he was receiving the Social Security checks should have been admitted pursuant to Ark. R. Evid. 702 as expert testimony. No such argument was made to the Trial Court, and we decline to consider it.

*Myers v. State,* 317 Ark. 70, 876 S.W.2d 246 (1994); *Woodruff v. State,* 313 Ark. 585, 856 S.W.2d 299 (1993).

In accordance with Rule 4-3(h), the record has been reviewed for trial errors prejudicial to Mr. Bowden, and none has been found.

Affirmed.