Damond SANFORD *v.* STATE of Arkansas

CR 96-908                                             940 S.W.2d 497

Supreme Court of Arkansas
Opinion delivered April 7, 1997

*William M. Howard, Jr.*, for appellant.

No response.

PER CURIAM. The procedural background in this matter is set forth in our *per curiam* opinion delivered on March 17, 1997. *Sanford v. State*, 327 Ark. 678, 939 S.W.2d 310 (1997). Attorney William M. Howard, Jr., counsel for appellant Damond Sanford, was ordered to appear before this court on March 31, 1997, to

show cause why he should not be held in contempt for his failure to file Sanford's brief in a timely manner.

Mr. Howard appeared on March 31, 1997, entered a plea of guilty to the contempt citation, and accepted full responsibility for failing to file Sanford's brief in a timely manner. In mitigation, he stated that he had been troubled with hypertension and headaches, and that he had been affected by the death of a close friend. Mr. Howard apologized for his inaction, and assured this court that Sanford's brief would be ready for filing within ten days.

Based on the foregoing, we hold that Mr. Howard is in contempt for failing to file Sanford's brief in a timely manner. We fine him $250.00, and will allow him ten days from the date of this opinion to file a belated brief in this matter. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. Appellant Damond Sanford's attorney is about four months past his final extension date for filing Damond's brief in this cause. Considering the ten days granted by today's per curiam, counsel has received a total of 214 days to file his brief. I join in granting Sanford another extension, but write to continue to point out this court's unfair treatment of the State in the same situations and requests. One day, hopefully, we will overrule *State v. Tien*, 326 Ark. 71, 929 S.W.2d 155 (1996), which requires this court's dismissal of the State's case in these situations. *See also State v. Bowden*, 326 Ark. 266, 931 S.W.2d 104 (1996).