Don R. ETHERLY and Earnest Simes *v.* The Honorable
Charles H. EDDY, Judge, *et al.*

00–1407                                                57 S.W.3d 116

Supreme Court of Arkansas
Opinion delivered September 20, 2001

*Wilson & Valley*, by: *E. Dion Wilson, James F. Valley, Andre Valley*, and *Don Etherly*, for appellants.

*Charles B. Roscopf* and *L. Ashley Higgins*, for appellees.

PER CURIAM. This is an appeal in an election case. On November 2, 2000, the Phillips County Circuit Court entered a declaratory judgment and mandamus that (1) declared the

appellants, Don R. Etherly and Earnest Simes, to be ineligible as candidates for Justice of the Peace, District 5, Phillips County, and (2) ordered the Phillips County Election Commission "not to count any vote cast for the Defendants, Earnest Simes and Don Etherly, in the General Election to be held on Tuesday, November 7, 2000." The appellants filed a notice of appeal on November 9, 2000, and then, on December 8, 2000, they filed a motion for stay, motion for expedited appeal and petition for writ of certiorari, prohibition, or mandamus.

On December 14, 2000, we granted the motion for expedited appeal, denied the motion for stay, and granted the petition for writ of certiorari. The writ of certiorari was issued, commanding the circuit clerk and court reporter to certify a full, true and complete transcript of the record to this court on or before January 13, 2001. The transcript was filed on January 11, 2001, and the appellants' brief was due forty days from that date. Ark. Sup. Ct. R. 4-3(b).

The appellants first received a seven-day clerk's extension on February 14, 2001. Thereafter, this court granted extensions of time for filing the appellants' brief (1) on February 26, 2001; (2) on April 17, 2001; (3) on May 2, 2001; (4) on May 16, 2001; (5) on June 18, 2001; (6) on July 3, 2001; and (7) on July 6, 2001. On July 6, 2001, we noted that this was the *final extension* and that the extended date for filing was July 9, 2001. No brief was filed by the appellants on that date.

On July 11, 2001, the appellants tendered an untimely motion that requested five additional days in which to file their brief, which would have extended the deadline to July 14, 2001. No extension was granted by this court, and no brief was tendered by that date. Approximately one month later, on August 10, 2001, the appellants filed a motion to file belated brief. The brief was finally tendered on August 20, 2001.

In sum, ten extensions have been requested by the appellants. Two extensions have been requested since the final extension granted by this court on July 6, 2001, and no approval of the untimely July 11, 2001 extension request has been forthcoming from this court. The appellants now request another extension in their motion to file belated.

As a consequence of the appellants' delay in filing their brief, separate appellee Charles Deaton filed a motion to dismiss this appeal on August 13, 2001. Separate appellees Phillips County

Board of Election Commissioners and Joann Smith, Maxie Miller, and Joe Howe, members of the Phillips County Board of Election Commissioners, filed a response to Mr. Deaton's motion to dismiss on August 17, 2001, which also seeks to have this appeal dismissed.

██ It is clear to this court that the appellants have not acted responsibly or with due diligence in this election matter. The appellants' attorney, J.F. Valley, states that "due to deaths in his family, scheduling and computer problems, along with a significantly laden law practice," he was unable to file a brief in a timely manner. We note, nonetheless, that this is an election case and prompt consideration is often important in such matters. *State v. Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989). To ensure prompt consideration of such cases at the trial level, we adopted Ark. R. Civ. P. 78(d) in 1995 to add the following requirement:

> Upon the filing of a petition for writs of mandamus or prohibition in election matters, it shall be the mandatory duty of the judge or chancellor having jurisdiction to fix and announce a day of court to be held no sooner than two (2) and no longer than seven (7) days thereafter to hear and determine the cause.

This court has concluded "that the abbreviated procedure . . . is necessary in election matters because of their urgency." Ark. R. Civ. P. 78(d), Court's Notes, 1995 Amendment. In the same vein, Rule 4 of the Appellate Rules of Procedure—Civil was amended in 2000 to provide that a statutory deadline for election cases is controlling as to the timeliness of an appeal, notwithstanding the 30-day period generally applicable under that rule:

> (c) *Exception for election cases.* If a statute of this State pertaining to elections prescribes a time period for taking an appeal, the period so prescribed shall apply in any case subject to the statute.

*See Citizens for a Safer Carroll County v. Epley*, 338 Ark. 61, 991 S.W.2d 562 (1999) (applying Ark. Code Ann. § 3-8-205(a)(1)(Repl. 1996), which provides for a ten-day period in which to file a notice of appeal in cases involving the sufficiency of petitions in local option elections); *Weems v. Garth*, 338 Ark. 437, 993 S.W.2d 926 (1999) (applying Ark. Code Ann. § 7-5-810 (Repl. 2000), which imposes a seven-day limit for an appeal from a circuit court in an election contest.)

In order to ensure the prompt consideration of election cases at the appellate level, this court has granted expedited appeals in such matters. Thus, we granted the appellants' motion for expedited appeal, which requested that this court "decide the merits of this matter without delay." Over the course of six months, we granted the appellants eight extensions of time in which to file their brief, with a final deadline of July 9, 2001. The appellants' brief was not filed by that date. In fact, their brief was not tendered until August 20, 2001, or forty-two days after the final deadline.

In *State v. Parkman*, 325 Ark. 35, 923 S.W.2d 281 (1996), where the State had obtained nine extensions in which to file its brief in a State appeal, this court issued a warning:

> Henceforth, we will not entertain appeals by the State when the State's brief is not filed in accordance with the specified deadline in the final extension granted by this court.

325 Ark. at 36, 923 S.W.2d at 282. Not only was the State's appeal in *Parkman* dismissed, but the State's appeal in another case was also dismissed because the State's brief had not been filed by the final extension date after the court granted the State six extensions of time in which to file its brief. *State v. Tien*, 326 Ark. 71, 929 S.W.2d 155 (1996); supplemental opinion denying rehearing, 326 Ark. 583, 933 S.W.2d 369 (1996).

■ ■ We conclude that our clear directive in *Parkman* is equally applicable and necessary in expedited appeals in election cases because of their urgency. We will not entertain expedited appeals in election cases when the appellant's brief is not filed in accordance with the specified deadline in the final extension granted by this court. In the instant expedited appeal of an election case, the extension granted on July 6, 2001, was designated a final extension and required that the appellants' brief be filed by July 9, 2001. The appellants' brief was not filed by that deadline. Accordingly, we deny the appellants' motion to file belated brief and dismiss this appeal. A copy of this *per curiam* will be forwarded to the Committee on Professional Conduct.