SLIP OPINION

Cite as 2015 Ark. 90

# SUPREME COURT OF ARKANSAS

No. CR–14–88

| | |
|---|---|
| WYOUMAN DAVID CAMP<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** March 5, 2015<br><br>APPEAL FROM THE HOWARD COUNTY CIRCUIT COURT<br><br>[NO. CR–08–93]<br><br>HON. CHARLES A. YEARGAN, JUDGE<br><br><u>AFFIRMED</u>. |

**JIM HANNAH, Chief Justice**

Appellant Wyouman David Camp appeals an order of the Howard County Circuit Court denying his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2014). For reversal, Camp argues that the circuit court erred in denying his petition because his counsel was ineffective for advising him to reject the State's plea offer. This court has jurisdiction of this case because we are required by law to hear postconviction appeals. *See* Ark. Sup. Ct. R. 1-2(a)(8) (2014). We affirm.

On May 26, 2008, Harry Surber fatally shot Camp's estranged wife, Robin Camp, while she worked as a cashier at the Family Dollar Store in Nashville. Prior to trial, the State offered Camp a sentence of twenty years in exchange for a guilty plea, but Camp rejected the State's offer. The case proceeded to trial, and Surber testified that Camp and his sister, Jo Ann

Hicks, had hired him to murder Robin. The jury convicted Camp of first-degree murder as an accomplice and sentenced him to life imprisonment in the Arkansas Department of Correction. Paul Hoover, who is now deceased, represented Camp at trial.

We granted Camp's pro se motion for belated appeal and for appointment of counsel, taking judicial notice of Hoover's death in October 2009. *Camp v. State*, 2010 Ark. 193 (per curiam). We affirmed in *Camp v. State*, 2011 Ark. 155, 381 S.W.3d 11.

On July 11, 2011, Camp filed a pro se Rule 37 petition, alleging that he was denied effective assistance of counsel. In his petition, Camp argued that Hoover was ineffective for his failure (1) to keep Camp informed of discovery and to insist that he reject the plea; (2) to procure material witnesses for Camp's defense; (3) to file a motion to suppress to exclude Camp's cell-phone records; (4) to object to photographs of a pistol owned by Camp; (5) to call an expert witness to question Surber's drug use; (6) to allow the State to lead a prosecution witness; and (7) to object to a juror's dismissal. For his eighth ineffective-assistance claim, Camp alleged that the circuit court erred in denying his motion for directed verdict. Subsequently, Camp retained Jeff Rosenzweig as postconviction counsel.

On March 4, 2013, the circuit court held a hearing on Camp's petition for postconviction relief. Camp testified about the circumstances surrounding the plea offer. He testified that Hoover was deceased; that Hoover had visited him twice in jail while he awaited trial; and that he had met with Hoover once or twice in the courtroom. Camp testified that he and Hoover discussed the State's offer of a twenty-year sentence in exchange for a guilty plea. According to Camp, Hoover advised him not to take the offer because the State did not

2

have any evidence against him. The transcript of the parties' in-chambers plea discussion reveals that the circuit court directed Hoover to ask Camp pertinent questions surrounding the plea. In response to Hoover's questions, Camp stated that he knew that he could plead guilty in exchange for a twenty-year sentence; that he had knowledge of the plea offer but declined the State's offer; that he knew of the evidence to be presented; and that he made the decision to reject the plea offer voluntarily.

At the Rule 37 hearing, Camp testified that he remembered declining the plea offer but claimed that he was not aware that the State would use certain evidence against him. When asked by Rule 37 counsel whether he had knowledge of the State's evidence presented against him at trial, Camp replied, "No." Camp claimed that he did not know that Hicks or Brandy Holt, his wife's daughter, would testify against him at trial. Camp stated that he was surprised when Hicks testified about "what [he] wanted done" and that Holt testified about a "pistol that was presented as evidence that I had her over at the sale barn taking target practice with it [sic]." Camp also claimed that Hoover had not told him prior to trial that Surber would testify that Camp had hired him to kill his wife. When asked if he would have accepted the twenty-year plea offer if he had been made aware of all the testimony, Camp responded, "Yes, sir, I would've." Counsel then asked if Camp declined the plea offer because Hoover had not advised him of the State's evidence used against him at trial. Camp replied, "That's right, sir."

On November 6, 2013, the circuit court entered an order denying Camp's petition for postconviction relief. Specifically, with regard to the plea offer, the court found that

Camp's testimony contradicted his allegations in his petition; that his arguments were based on self-serving statements; that his argument that Hoover should have had an ex parte in camera hearing concerning Camp's "inability to face reality [was] unreasonable and based on hindsight"; and that Camp's request to reduce his sentence was not based on any proven facts. The circuit court also denied postconviction relief on seven other grounds alleged in his Rule 37 petition. Camp timely filed his notice of appeal.

For his sole point on appeal, Camp contends that the circuit court erred in denying his petition for postconviction relief because trial counsel was ineffective for failing to inform him "of the severity of the evidence against him and the consequent failure to advise [him] to take the plea offer of twenty years." The State responds that the circuit court did not err by rejecting Camp's testimony about the circumstances of the plea offer, particularly in light of the evidence of Camp's conspiracy with Surber and Hicks, "his purported willingness to enter a plea acknowledging [the conspiracy]," and the evidence that, after he was arrested, Camp attempted to hire someone to kill Hicks.

This court does not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Montgomery v. State*, 2011 Ark. 462, 385 S.W.3d 189. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id*. In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Id*.

We assess the effectiveness of counsel under the two-prong standard set forth by the

Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883. In asserting ineffective assistance of counsel under *Strickland*, the petitioner first must demonstrate that counsel's performance was deficient. *See id.* This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *See id.* The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See id.* The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *See id.*

Second, the petitioner must show that the deficient performance prejudiced the defense, which requires a demonstration that counsel's errors were so serious as to deprive the petitioner of a fair trial. *See Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783. This requires the petitioner to show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *See id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *See id.*

In the present case, Camp fails to prove his ineffective-assistance claim that he would have accepted the State's plea offer had Hoover disclosed the evidence against him. Here, the record reveals that Camp presented conflicting testimony prior to trial and at the Rule 37 hearing. In chambers prior to trial, when questioned by Hoover, Camp acknowledged that the State offered him a twenty-year sentence in exchange for his plea of guilty; that he wished

to decline the plea offer; and that he made the decision "freely and voluntarily knowing basically what's coming in terms of testimony." However, at the Rule 37 hearing, Camp changed his testimony by asserting that if Hoover had adequately discussed the evidence presented at trial, he would have accepted the twenty-year plea offer.

We are mindful that the trier of fact is free to believe all or part of any witness's testimony. *Heard v. State*, 2012 Ark. 67 (per curiam). Conflicts in testimony are for the fact-finder to resolve, and the court is not required to believe the testimony of any witness, especially that of the accused, since he or she is the person most interested in the outcome of the proceedings. *Id*. Given this precedent, we agree with the circuit court's finding that Camp's "argument is based upon self-serving statements" in an effort now to prove his ineffective-assistance claim. While Camp claims that he "was operating under a clear misimpression of the strength of evidence arrayed against him," he failed to prove any deficiency on Hoover's part.

We note that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Anderson*, 2011 Ark. 488, at 4–5, 385 S.W.3d at 787 (quoting *Strickland*, 466 U.S. at 697). Because Camp did not meet his burden of proof on the deficiency prong of the *Strickland* test, we hold that the circuit court did not clearly err in denying the Rule 37 petition. Accordingly, we affirm the circuit court's denial of postconviction relief.

Affirmed.
*Jeff Rosenzweig*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.