Cite as 2015 Ark. 394

# SUPREME COURT OF ARKANSAS

No. CR-14-687

| | |
|---|---|
| IKE SHAWNDALE NUNN<br>APPELLANT | Opinion Delivered October 29, 2015 |
| V. | PRO SE APPEAL FROM THE JACKSON COUNTY CIRCUIT COURT [NO. 34CR-11-124] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE HAROLD S. ERWIN, JUDGE |
| | AFFIRMED. |

**PER CURIAM**

In 2012, appellant Ike Shawndale Nunn was found guilty by a jury of first-degree murder and was sentenced to 480 months' imprisonment. At trial, the State introduced into evidence the blood-stained baseball bat used to kill the victim, photographs depicting a bloody crime scene, and autopsy photographs of the victim. On appeal, Nunn did not challenge the sufficiency of the evidence. Instead, he contended that the trial court erroneously denied his motion to exclude the autopsy photographs. The Arkansas Court of Appeals affirmed. *Nunn v. State*, 2013 Ark. App. 282.

Subsequently, Nunn timely filed a verified, pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013) in the circuit court. He argued that his trial counsel was ineffective for the following reasons: counsel failed to present evidence that Nunn did not kill his stepfather with malice aforethought to support a finding of guilty for first-degree murder; counsel failed to investigate an "emotional disturbance defense[;]" counsel did not have Dr. McConochie, a psychiatrist, testify about his psychiatric disorder and physical

impairments; counsel caused him to be prejudiced by counsel's cross-examination of the Toledo Hospital's witnesses; counsel failed to object to text messages to Peggy Nunn; counsel did not subpoena phone records; and counsel failed to object to the prosecutor's closing argument. The circuit court denied the petition without a hearing,[1] and Nunn timely lodged an appeal of that order in this court.

When considering an appeal from a circuit court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the circuit court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29. The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

Pursuant to *Strickland,* we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d

---

[1]Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). Where the circuit court dismisses a Rule 37.1 petition without an evidentiary hearing, it "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. In the instant case, the circuit court's order denying postconviction relief complies with the requirements of Rule 37.3.

SLIP OPINION

290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam).

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

On appeal, Nunn argues that his trial counsel was ineffective for failing to investigate the

SLIP OPINION

ramifications of his psychiatric impairment, for failing to hire or investigate the need for blood-spatter and DNA experts, for failing to hire an investigator to identify and interview potential witnesses, and for failing to investigate "mitigating circumstances at [the] sentencing phase of trial." Contrary to Nunn's arguments, he failed to establish that he was entitled to postconviction relief on any of his claims.

Regarding Nunn's claim that trial counsel was ineffective for failing to investigate the ramifications of his psychiatric impairment, Nunn appears to quote extensively a decision from the Social Security Administration, which referred to an evaluation made by the consultative examiner, Dr. William McConochie. Although a report by Dr. McConochie was referenced in Nunn's petition below—with no report attached below or on appeal—it was a bare allegation without any substantiation or any specific assertion outside a generalized claim that the testimony would support a finding that he suffered from mental-health impairments. Allegations alone do not meet the burden of establishing an ineffective-assistance claim. *See Camp v. State*, 2015 Ark. 90, 457 S.W.3d 276. Outside of his assertion that Dr. McConochie's report would reference his mental and physical impairments for Social Security purposes, Nunn's assertions are conclusory, and conclusory allegations unsupported by facts do not provide a basis for postconviction relief. *See Adams v. State*, 2013 Ark. 174, 427 S.W.3d 63.

Moreover, even had Nunn provided some evidence of the existence of an evaluation by Dr. McConochie, he still bore the burden of proving it would support the affirmative defense of mental disease or defect below, had his counsel raised it as a defense below and thus he was prejudiced. *See Kaufman v. State*, 2013 Ark. 126; *see also Williams v. State*, 2009 Ark. 433, at 3, 373 S.W.3d 237, 239 (While appellant was granted a mental evaluation, he did not raise the defense

of mental disease or defect during trial.). Additionally, Nunn makes no argument or assertion of how an administrative decision by the federal government that he was entitled to assistance amounted to proof that he had a mental disease or defect. *See generally Bowden v. State*, 328 Ark. 15, 940 S.W.2d 494 (1997). Bald statements of a history of psychiatric treatment and alcoholism or other addiction are not sufficient to establish the existence of a mental disease or defect. *See Nance v. State*, 339 Ark. 192, 4 S.W.3d 501 (1999). Nunn has failed to establish he was entitled to postconviction relief based on his claim that counsel was ineffective for failing to investigate the ramifications of his purported psychiatric impairment.

Nunn also mentions for the first time on appeal the findings of Dr. Ahmad J. Janjua, who evaluated him at the Toledo Hospital upon his admission after the murder. This argument was not presented to the circuit court in Nunn's original Rule 37 petition. All grounds for relief pursuant to Rule 37 must be asserted in the original or an amended petition. Ark. R. Crim. P. 37.2. We do not consider issues that are raised for the first time on appeal. *Jamett v. State*, 2010 Ark. 28, 358 S.W.3d 874 (per curiam).

Nunn also claims that his counsel was ineffective for failing to investigate the need for a blood-spatter or DNA expert. Nunn makes a conclusory claim that a blood-spatter expert "would be able to prove [the] prosecution[']s theory of death false[,]" and that his counsel failed to present evidence or cross-examine witnesses regarding his blood as a secondary contributor on the bat. These are both arguments raised for the first time in this appeal, and we will not consider issues raised for the first time on appeal. *Jamett*, 2010 Ark. 28, 358 S.W.3d 874 (per curiam). Furthermore, Nunn makes no assertion of how a blood-spatter expert's testimony would contradict the State's evidence or inure to his benefit somehow changing the outcome of

his trial, and his conclusory allegations unsupported by facts do not provide a basis for postconviction relief. *See Adams*, 2013 Ark. 174, 427 S.W.3d 63. His claim regarding counsel's lack of evidence or cross-examination of witnesses regarding the DNA evidence is also of no import, as the trial record reflects that counsel did cross-examine the State's forensic DNA examiner.[2] Notwithstanding his claims to the contrary, such evidence would serve no purpose in Nunn's case, as he relied upon justification as the theory for his defense at trial, which required that he admit the commission of the act itself. *See, e.g.*, *Harshaw v. State*, 344 Ark. 129, 135, 39 S.W.3d 753, 757 (2001) (Upon charge of second-degree murder, the trial court could not instruct the jury on manslaughter because appellant's justification defense meant the appellant admitted to at least knowingly shooting the victim.).

Nunn's last two claims on appeal, trial counsel's failure to hire an investigator to interview potential witnesses and counsel's failure to investigate "mitigating circumstances at sentencing phase of trial[,]" are also raised for the first time on appeal, and we will not consider issues raised for the first time on appeal. *Jamett*, 2010 Ark. 28, 358 S.W.3d 874. Moreover, both of these claims of trial counsel's failure to further investigate are vague and conclusory at best, as he contends additional witnesses and testimony could have evinced his character and mind-set during the period of time around the murder. However, the witnesses he states should have been called to testify knew nothing of the crime itself and could only have purportedly offered some information about his custodial situation with his children—hardly evidence that would establish a different outcome at his first-degree murder trial. *See Wertz v. State*, 2014 Ark. 240,

---

[2]This court takes judicial notice of the record on direct appeal, and it is not necessary to supplement the record where the trial record provides an adequate record of what was considered below. *Davis v. State*, 2013 Ark. 118 (per curiam).

434 S.W.3d 895. Accordingly, the court's denial of postconviction relief was not clearly erroneous.

Based on the *Strickland* standard, we cannot say that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. As stated, this court will uphold the judgment of the circuit court denying postconviction relief unless the appellant demonstrates that the judgment was clearly erroneous. To establish that the circuit court erred in finding that counsel was not ineffective, the petitioner has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Thompson v. State*, 2013 Ark. 179 (per curiam); *see also Moore v. State*, 2014 Ark. 231 (per curiam). Nunn has not met that burden. Accordingly, the circuit court's order is affirmed.

Affirmed.

*Ike Shawndale Nunn*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.