

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–15–551

| | |
|---|---|
| | **Opinion Delivered** February 10, 2016 |
| D.D.T.<br>APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NOS. JV-14-354, JV-14-500, JV-15-97, JV-15-98] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE TROY B. BRASWELL, JR., JUDGE |
| | AFFIRMED |

### BRANDON J. HARRISON, Judge

D.D.T. appeals his delinquency adjudication based on true findings that he committed the crimes of refusal to submit to arrest, fleeing on foot, and third-degree assault. He argues that the State failed to present sufficient evidence to support the adjudication. We affirm.

On 3 November 2014, D.D.T. was charged with third-degree assault (JV-14-500). On 29 January 2015, he was charged with refusal to submit to arrest and fleeing on foot (JV-15-97). These charges were addressed at a bench trial held on 3 March 2015.

In JV-15-97, Officer Jaren Smith with the Conway Police Department testified that on 12 October 2014, he was sent out on a call reporting four black males, one of whom was displaying a handgun, in an area near Fred's and Kroger. Smith and two other officers went to that area and saw four black males on bicycles; D.D.T. was one of them.

SLIP OPINION

Smith explained that as he and the other officers approached the males, they began to flee, and that D.D.T. started to pedal away on his bicycle. Smith said he was yelling for the boys to stop and that D.D.T. looked right at him and said "we didn't do anything" before pedaling away faster. Smith grabbed D.D.T. and physically removed him from his bicycle. After he was in custody, D.D.T. told Smith that two of his friends had shoplifted from Fred's. On cross-examination, Smith clarified that having to pull D.D.T. off of his bike constituted refusal to submit, and D.D.T.'s fast pedaling constituted fleeing on foot. Fifteen-year-old D.D.T. testified that he and his friends saw the police coming down the road, that he was pedaling normally, that he had headphones on and was listening to music, and that he did not hear the officers telling them to stop. He testified that the officer grabbed his arm, pulled him off of his bike, and asked him about a BB gun. D.D.T. responded that none of them had a BB gun, but the police found a BB gun on one of his friends. The court found Officer Smith's testimony credible, found the allegations true for both refusal to submit to arrest and fleeing on foot, and adjudicated D.D.T. delinquent on that basis.

In JV-14-500, ten-year-old S.P. testified that on 15 August 2014, he was at the park with his siblings and some friends and was "cussed out" by D.D.T. S.P. explained that after he told D.D.T. to shut up, D.D.T. threw him on a bench and choked him. S.P. also said that another individual, Dustin Moore, pushed D.D.T. off of him. S.P.'s fifteen-year-old sister B.P. confirmed that D.D.T. had choked S.P., which they promptly reported to the police. D.D.T. testified that on the day in question, Dustin Moore was angry because D.D.T. had spoken to Moore's girlfriend and because D.D.T. disapproved

of Moore giving S.P. marijuana and a cigarette. D.D.T. denied choking S.P. The court found S.P.'s testimony credible, found the allegation of third-degree assault true, and adjudicated D.D.T. delinquent.

The court entered a written order adjudicating D.D.T. delinquent and committing him to the custody of the Division of Youth Services.[1] D.D.T. has filed a timely notice of appeal from this order.

While a delinquency adjudication is not a criminal conviction, it is based on an allegation by the State that the juvenile has committed a certain crime. *A.D. v. State*, 2015 Ark. App. 35, 453 S.W.3d 696. Our standard of review is the same as it would be in a criminal case, that is, whether the adjudication is supported by substantial evidence. *Id.* Substantial evidence is evidence, direct or circumstantial, that is of sufficient force and character to compel a conclusion one way or the other, without speculation or conjecture. *Id.* In considering the evidence presented below, we will not weigh the evidence or assess the credibility of witnesses, as those are questions for the fact-finder. *Id.*

D.D.T. challenges the sufficiency of the evidence supporting the delinquency findings for refusal to submit to arrest, fleeing on foot, and third-degree assault. He argues that, according to his testimony, "he was unaware that the officers were asking him to stop until the officer grabbed his arm, due to his headphones, thereby rebuking the failure to submit and fleeing on foot charges." Likewise, he argues that, according to his own

---

[1] The order also addressed a probation revocation based on disorderly conduct (JV-14-354) and a true plea as to a theft-of-property charge (JV-15-98), but these dispositions are not at issue on appeal.

testimony, "no harm came to S.P.," and he contends that S.P.'s allegation was a "conspiracy levied against him" for talking to a third party's girlfriend.

We are not persuaded by D.D.T.'s arguments. They are based solely on his own testimony and ignore the additional testimony of Officer Smith and S.P., whom the circuit court found credible. We will not weigh the evidence or assess the credibility of witnesses, as those are questions for the fact-finder. *A.D. v. State*, *supra*. Furthermore, the fact-finder is not required to believe the testimony of any witness, especially that of the accused, because he or she is the person most interested in the outcome of the proceedings. *Camp v. State*, 2015 Ark. 90, 457 S.W.3d. 276. Based on this settled law, we affirm.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Howard M. Holthoff*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.