ORDER

¶ 1. This matter is before the en banc Court on the complaint of the Mississippi Bar seeking disciplinary action against attorney Michael E. Gilmer, Post Office Box 384, Columbia, Tennessee 38402-0382, based on the Supreme Court of Tennessee’s imposition of a five-year suspension from the practice of law.
¶2. On April 17, 2006, the Supreme Court of Tennessee suspended Gilmer from the practice of law in the State of Tennessee for five years. Attached to the Bar’s complaint is a certified copy of the Supreme Court of Tennessee’s order of suspension, as well as certified copies of other pleadings in that matter.
¶ 3. The Tennessee Supreme Court took action against Gilmer after eight individuals filed complaints against him with the Tennessee Bar Association. The complaints were based on Gilmer’s alleged unprofessional conduct in 2004. The complainants each paid Gilmer a retainer for his legal services ranging from $400 to $1200. Gilmer was hired to represent the complainants in a variety of issues including custody disputes, divorce proceedings *690 and collection matters. He either failed to file the required action or failed to follow through with the cases for which he was retained. He did not return the complainants’ money or respond to any of the complainants repeated phone calls and requests for information.
¶ 4. Gilmer did not respond to any of the complaints and a default judgment was entered by the Board of Professional Responsibility of the Supreme Court of Tennessee.
¶ 5. This judgment constitutes conclusive proof of guilt under the Mississippi Rules of Evidence 13; therefore it is unnecessary for this Court to pursue any further fact-finding.[1]
¶ 6. The Mississippi Bar attempted to serve process on Gilmer by certified mail. Gilmer refused to accept the certified copies of the notice, summons, formal complaint and acknowledgment of receipt of summons and formal complaint. We find that Gilmer’s inaction demonstrates his intent not to contest any discipline which may be imposed on him.
¶ 7. Gilmer is currently suspended from the Mississippi Bar for non-payment of annual dues.
¶ 8. In this Court’s application of the reciprocity doctrine, the sanction imposed in this State generally mirrors the sanction imposed in the sister state, absent extraordinary circumstances which compel, justify or support variance from the foreign jurisdiction’s sanction. Miss. Bar v. Drungole, 913 So.2d 963, 970 (Miss.2005). We may impose sanctions less than or greater than those imposed by another jurisdiction. Miss. Bar v. Gardner, 730 So.2d 546, 547 (Miss.1998). An attorney “who is subject to reciprocal discipline may ... offer any mitigating factors which he thinks serve to diminish his culpability and therefore diminish the necessity for, or severity of, sanctions to be imposed by this Court.” Miss. Bar v. Strauss, 601 So.2d 840, 844 (Miss.1992). Because Gilmer has not responded to the formal complaint either before the Complaint Tribunal or before this Court, there are no mitigating factors to consider.
¶ 9. In Miss. Bar v. Daniels, 890 So.2d 872 (Miss.2004), in a reciprocal disciplinary case from Connecticut, we suspended an attorney for two years for failing to defend a client’s contempt case, to communicate with his clients, to provide timely refunds and accountings of his fees, and to pay a client’s outstanding medical bills in a timely manner after he settled her personal injury ease.
¶ 10. In Miss. Bar v. Caldwell, 890 So.2d 855 (Miss.2004), in a reciprocal disciplinary case from Tennessee, we suspended an attorney for 90 days for neglecting the legal affairs of six clients. This case is distinguished from the facts at hand because Caldwell fully cooperated with the Complaint Tribunal and voluntarily withdrew from the practice of law in Mississippi while the disciplinary proceedings were pending.
*691 ¶ 11. In Miss. Bar v. Pels, 708 So.2d 1372, 1373 (Miss.1998), we imposed a 30-day suspension, instead of disbarment which was the sanction imposed by the District of Columbia, because there was no evidence that Pels engaged in dishonesty or misrepresentations, and he was taking steps to better educate himself on the matter so the problem did not arise again in the future.
¶ 12. Finally, in Parrish v. Mississippi Bar, 691 So.2d 904 (Miss.1996), we suspended an attorney for two years for failing to notify his client of a court-ordered physical examination.
¶ 13. Having considered the facts here, we find that a five-year suspension from the practice of law in the State of Mississippi is appropriate.
¶ 14. IT IS, THEREFORE, ORDERED that, based on Rule 13 of the Mississippi Rules of Discipline, Michael E. Gilmer is hereby suspended from the practice of law in the State of Mississippi for a period of five years from the date of entry of this order.
¶ 15. IT IS FURTHER ORDERED that Michael E. Gilmer may be reinstated to the privilege of practicing law only upon petition to and order of this Court, pursuant to Rule 12 of the Mississippi Rules of Discipline. After the expiration of the five-year suspension and prior to petitioning for reinstatement, Gilmer shall take the Multi-State Professional Responsibility Exam as prepared by the National Conference of Bar Examiners, and achieve a scaled score of not less than 80.
¶ 16. IT IS FURTHER ORDERED that the Bar is entitled to recover from Michael E. Gilmer all costs of these proceedings, as well as all previously assessed sums. The Bar shall file its motion for costs and expenses with the Court within ten days of the filing of this Order.
¶ 17. IT IS FURTHER ORDERED that the Clerk of the Court shall mail a certified copy of this order to the Mississippi Bar, and shall mail a certified copy of this order via certified mail, return receipt requested, to Michael E. Gilmer, Post Office Box 384, Columbia, Tennessee 38402-0382.
¶ 18. SO ORDERED.
/s/ William L. Waller, Jr. WILLIAM L. WALLER, JR., Presiding Justice

. Rule 13 provides as follows:
When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceeding in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.