998 So.2d 77 (2009)
In re Douglas Charles DORHAUER.
No. 2008-B-2142.
Supreme Court of Louisiana.
January 9, 2009.

*78 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Douglas Charles Dorhauer, an attorney licensed to practice law in Louisiana but currently on interim suspension pursuant to a joint motion of the parties filed in April 2005. In re: Dorhauer, 05-0908 (La.4/21/05), 899 So.2d 1289.

UNDERLYING FACTS
In May 2004, while respondent was employed as an associate with the Baton Rouge law firm of E. Eric Guirard & Associates, PLC, he was assigned the representation of a personal injury client, Staci Delaune. Ms. Delaune, along with her four children, had been involved in an automobile accident in a Wal-Mart parking lot on April 15, 2004. Following the accident, Ms. Delaune sought medical treatment for herself and her children from Dr. Michael Keogh, a Baton Rouge chiropractor, and from Dr. Tara Ryan, a Denham Springs pediatrician. In due course, respondent submitted a settlement demand on behalf of his clients to Imperial Fire and Casualty Insurance Company ("Imperial"), the tortfeasor's insurer. Respondent attached copies of the medical records *79 of Drs. Keogh and Ryan in support of the claim for recovery. Imperial subsequently settled the personal injury claims of Ms. Delaune and her children for $23,697.65.
In the course of this representation, respondent learned from Ms. Delaune that she and two of her children had been involved in an accident on March 31, 2004, approximately two weeks prior to the Wal-Mart accident. The March accident was a hit and run which resulted in very minor damage to the rear bumper of Ms. Delaune's vehicle. Neither Ms. Delaune nor her children were injured in the March accident, and Ms. Delaune had settled her own property damage claim with the tortfeasor's insurer, Louisiana Farm Bureau Insurance Company ("Farm Bureau"). However, Ms. Delaune inquired of respondent whether she could collect anything for the "aggravation and mental stress" of the hit and run accident. In February 2005, without the knowledge of his client, respondent sent a settlement demand to Farm Bureau for bodily injuries allegedly suffered by Ms. Delaune and her children in the March 2004 accident.[1] In support, respondent included the same medical records he had previously provided to Imperial regarding the April 2004 accident; however, the medical records he submitted to Farm Bureau had been altered to reflect that the injuries suffered by Ms. Delaune and her children were associated with the March accident.
Farm Bureau's adjuster discovered the alterations in the medical records and initiated an investigation into the matter. After respondent was notified of the investigation, he informed the insurer that he wanted to withdraw the settlement demand he had submitted on his clients' behalf. Respondent then met with Ms. Delaune and gave her a check for $1,500 drawn on his personal checking account.[2] Respondent also had Ms. Delaune sign a settlement document which he represented she needed to sign for Farm Bureau.
On April 5, 2005, respondent was arrested by the Louisiana State Police and charged with four counts of forgery and one count of insurance fraud, stemming from the alteration of Ms. Delaune's medical records. Respondent denied any culpability with regard to the forgery, claiming that he obtained the altered medical records from Ms. Delaune. However, Ms. Delaune denied that she ever had possession of the records in question.
In October 2005, a grand jury in East Baton Rouge Parish returned an indictment against respondent for one count of insurance fraud, a violation of La. R.S. 22:1243.[3] In June 2006, the State amended *80 the indictment and charged respondent with the offense of inciting a felony, a violation of La. R.S. 14:28, in that he "endeavored to incite or procure another person to commit a felony, to wit, insurance fraud." On June 27, 2006, respondent pled guilty to the amended indictment. The State recited the following factual basis for respondent's guilty plea:
. . . Around the time her claim with Imperial was settled in February of 2005, Ms. Delaune sought advice from Mr. Dorhauer about whether she could make a claim against Farm Bureau, the insurance company for the driver in the March 31st, 2004 accident, for the aggravation resulting from that accident. According to Ms. Delaune, she only sought compensation for her time and trouble in tracking down the hit and run driver, but not for her medicals, as neither she nor her two youngest children were injured in the March accident. Mr. Dorhauer agreed to represent her and a claim was filed against Farm Bureau. However, the claim sought compensation for medical treatment from Farm Bureau and among the documents that were forwarded to the insurance company from the Guirard firm supporting the claims were reports of treatment from Dr. Keogh's office and from Dr. Ryan's office. Farm Bureau learned of the claim filed in the later April, 2004 accident and determined that the documents that had been forwarded to them supporting Ms. Delaune's claim against it were altered copies of the documents that had earlier been submitted to Imperial Fire and Casualty. . . .
Following his conviction, respondent was sentenced to serve two years in prison, deferred, and he was placed on two years of active supervised probation pursuant to the provisions of La.Code Crim P. art. 893. Among other special conditions of probation, respondent was required to perform 100 hours of community service work and pay $2,163.07 in restitution to Farm Bureau to defray the costs of its investigation.

DISCIPLINARY PROCEEDINGS
In 2006, the ODC filed one count of formal charges against respondent, alleging that his conduct violated Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct. Considering this misconduct, the ODC further alleged that respondent has engaged in insurance fraud, thereby warranting consideration of the sanction of permanent disbarment under Guideline 6 of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E.
Respondent answered the formal charges and admitted his conviction of inciting a felony; however, he denied that he played any role in altering the medical records submitted to Farm Bureau and he denied that "insurance fraud" was involved in the proceedings relative to his guilty plea. Respondent further denied that permanent disbarment is an appropriate sanction for his misconduct.

Hearing Committee Report
This matter proceeded to a formal hearing. In his testimony before the committee, respondent maintained that he did not *81 alter the medical records which were sent to Farm Bureau on behalf of Ms. Delaune. Respondent testified that these records were provided to him by Ms. Delaune, and unbeknownst to him, had been altered. Ms. Delaune, on the other hand, denied that she ever, at any time, had possession of her medical records, as suggested by respondent. She unequivocally stated that she did not alter the medical records or ask anyone to do so.
Following the hearing, the hearing committee issued its report, finding that respondent was the only individual who could have altered the medical records submitted to Farm Bureau. The committee made a finding that respondent's testimony to the contrary was not persuasive or credible.
The committee determined that respondent violated the Rules of Professional Conduct as charged in the formal charges. Respondent violated duties owed to the public, to the legal system, and to the profession. He acted knowingly and intentionally by altering the medical records in an attempt to make a fraudulent claim for monetary damages. These acts caused great harm to the profession as a whole, and violated the public's trust of lawyers. The committee found that the applicable baseline sanction is disbarment.
In mitigation, the committee found the following factors: inexperience in the practice of law (admitted 2003) and remorse. As aggravating factors, the committee found a dishonest or selfish motive, refusal to acknowledge the wrongful nature of the conduct, and illegal conduct.
Considering all the circumstances, the committee recommended that respondent be permanently disbarred.
Respondent objected to the sanction recommended by the hearing committee as "too severe."

Disciplinary Board Recommendation
The disciplinary board found the hearing committee's factual findings are not manifestly erroneous and adopted same. The board determined that respondent violated the Rules of Professional Conduct as charged in the formal charges.
Respondent violated duties owed to the public, the legal system, and to the profession. Respondent's conduct also violated a duty owed to his clients, Ms. Delaune and her children. Respondent's conduct involving the altering of medical records caused harm to the profession and to Ms. Delaune.[4] The baseline sanction for respondent's misconduct is disbarment.
In mitigation, the board found the following factors: absence of a prior disciplinary record, inexperience in the practice of law, and imposition of other penalties or sanctions. The board rejected the committee's finding that respondent is genuinely remorseful for his actions, noting that it appears respondent did not "accept true responsibility for his actions until late in these proceedings." As aggravating factors, the board found a dishonest or selfish motive, refusal to acknowledge the wrongful nature of the conduct, and illegal conduct.
Notwithstanding respondent's youth and inexperience in the practice of law, the board found that this court's prior jurisprudence supports the imposition of permanent disbarment for his intentional alteration of documents in an attempt to defraud an insurance company. Furthermore, *82 when his actions were revealed, respondent blamed the alteration of the records on his client, when there was absolutely no evidence to indicate that she committed this act. In doing so, respondent caused serious harm to his client, the profession, the legal system, and the public. Based on this reasoning, the board recommended respondent be permanently disbarred.
Neither respondent nor the ODC filed a timely objection in this court to the disciplinary board's recommendation. However, after the expiration of the time for filing objections under Supreme Court Rule XIX, § 11(G)(1), respondent sought to file a "late" objection. On November 12, 2008, we issued an order rejecting respondent's objection as untimely and therefore procedurally improper, but permitting the filing of briefs, without oral argument. Respondent and the ODC both filed briefs in response to the court's order.

DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent's crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass'n v. Wilkinson, 562 So.2d 902 (La. 1990).
In the instant case, respondent stands convicted of inciting a felony. This crime is itself a felony under state law and clearly warrants serious discipline. Therefore, the only remaining issue is the appropriate sanction for respondent's misconduct. The resolution of that issue depends upon the seriousness of the offense, the circumstances of the offense, and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Perez, 550 So.2d 188 (La.1989).
The applicable baseline sanction for respondent's misconduct is clearly disbarment under both the ABA's Standards for Imposing Lawyer Sanctions and the prior jurisprudence. However, the ODC contends, and the hearing committee and disciplinary board agreed, that respondent's conduct is so egregious that permanent disbarment should be imposed.
We concur. Respondent submitted altered medical records to an insurance company to settle a personal injury claim. The hearing committee made a factual finding that respondent was the only person who could have altered the records in question, and based on the testimony and documentary evidence in the record, we cannot say this finding is clearly wrong. See In re: Bolton, 02-0257 (La.6/21/02), 820 So.2d 548 ("Although this court is the trier of fact in bar disciplinary cases, we are not prepared to disregard the credibility evaluations made by those committee members who were present during respondent's testimony and who act as the eyes and ears of this court."). This conduct by respondent constitutes insurance fraud, which warrants permanent disbarment under Guideline 6 of the permanent disbarment guidelines.
Based on this reasoning, we will accept the disciplinary board's recommendation and impose permanent disbarment.

DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that the name of Douglas C. Dorhauer, Louisiana Bar Roll number *83 28558, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] Respondent did not open a new, separate file for the Farm Bureau claim using the Guirard firm's case management software. Rather, he contends that he simply handled the matter within Ms. Delaune's existing file for the Imperial claim. The ODC characterizes this method as keeping an "off the books" file, given that the law firm was not aware of the matter.
[2] When Ms. Delaune asked why respondent was giving her a personal check, rather than a check from Farm Bureau, he told her that there were "some accounting issues."
[3] La. R.S. 22:1243 provides in pertinent part as follows:

A. Any person who, with the intent to injure, defraud, or deceive any insurance company, . . .:
* * *
(2) Presents or causes to be presented any written or oral statement including computer-generated documents as part of or in support of or denial of a claim for payment or other benefit pursuant to an insurance policy, knowing that such statement contains any false, incomplete, or fraudulent information concerning any fact or thing material to such claim; . . .
is guilty of a felony and shall be subjected to a term of imprisonment, with or without hard labor, not to exceed five years, or a fine not to exceed five thousand dollars, or both, on each count.
[4] The board noted that Ms. Delaune suffered emotional distress as the result of respondent's misconduct. She was intensely questioned by the police and insurance adjusters as a suspect in connection with the fraud investigation, and she was sued by Imperial in a subrogation matter.