*611
 

 ORDER
 

 JAMES W. KITCHENS, Justice.
 

 ¶ 1. This matter is before the Court,
 
 en banc,
 
 on the formal complaint filed on April 24, 2009, by the Mississippi Bar pursuant to Rule 13 of the Rules of Discipline for the Mississippi State Bar, seeking disbarment of attorney Douglas C. Dorhauer for conduct related to his felony conviction and subsequent permanent disbarment from the Louisiana State Bar. Finding no reason to disagree with the sanction imposed by the Louisiana State Bar, we order that Douglas C. Dorhauer be disbarred.
 

 I.
 

 ¶ 2. The following facts are taken from
 
 In Re Douglas Charles Dorhauer,
 
 998 So.2d 77 (La.2009).
 

 ¶ 3. In May 2004, while Dorhauer was employed as an associate attorney with the Baton Rouge law firm of E. Eric Guirard & Associates, PLC, he represented Staci Delaune and her four children. Following an April 15, 2004, automobile accident in a Wal-Mart parking lot, Delaune and her four children sought medical treatment from Drs. Michael Keogh and Tara Ryan, a chiropractor and a pediatrician, respectively. Dorhauer submitted a settlement demand on behalf of his client to Imperial Fire and Casualty Insurance Company (“Imperial”), the alleged tortfeasor’s insurer. Dorhauer also attached the medical records of Drs. Keogh and Ryan in support of Delaune’s claim for damages. Imperial subsequently settled with Delaune and her children for $23,697.65.
 

 ¶ 4. During this representation, Do-rhauer learned that Delaune had also been involved in an automobile accident two weeks earlier, on March 31, 2004. The March accident resulted in minor damage to the rear bumper of Delaune’s vehicle from a hit-and-run driver; however, neither Delaune nor any of her four children was injured in that accident. After De-laune settled for the damage to her vehicle with the tortfeasor’s insurer, Louisiana Farm Bureau Insurance Company (“Farm Bureau”), she asked Dorhauer whether she could recover the expenses she incurred in locating the hit-and-run driver responsible for the accident.
 

 ¶ 5. In February 2005, Dorhauer sent a settlement demand letter to Farm Bureau for bodily injuries allegedly suffered by Delaune and her four children allegedly arising from the March 2004 accident. Dorhauer, in support of Delaune’s claim, included the same medical records he previously' had provided Imperial regarding the April 2004 accident. However, Do-rhauer altered the medical records he submitted to Farm Bureau to show falsely that the injuries suffered by Delaune and her children were associated with the March accident.
 

 ¶ 6. Upon Farm Bureau’s discovery of the altered medical records, a Farm Bureau adjuster initiated an investigation into the matter and notified Dorhauer about the investigation. Dorhauer then requested that the settlement demand submitted on behalf of Delaune and her children be withdrawn. Later, Dorhauer gave De-laune a check drawn from his personal bank account for $1,500 and had Delaune
 
 *612
 
 unwittingly sign a false settlement document from Farm Bureau. When Delaune asked why Dorhauer gave her a personal check rather than one from Farm Bureau, Dorhauer told her that there were “some accounting issues.”
 

 ¶ 7. On April 5, 2005, Dorhauer was arrested by the Louisiana State Police and charged with four counts of forgery and one count of insurance fraud, stemming from the alteration of his clients’ medical records. In October 2005, a grand jury in East Baton Rouge Parish returned an indictment against Dorhauer for one count of insurance fraud, and later in June 2006, the State amended the indictment and charged Dorchauer with the offense of inciting a felony. On June 27, 2006, Mr. Dorhauer pled guilty to inciting a felony. Following Dorhauer’s conviction, he was sentenced to serve two years in prison, deferred, and he was placed on two years of active supervised probation. As a special condition of supervised probation, Do-rhauer was also required to perform 100 hours of community service and pay $2,163.07 in restitution to Farm Bureau to defray the costs of its investigation.
 

 II.
 

 ¶ 8. The Supreme Court of Mississippi has exclusive and inherent jurisdiction over matters pertaining to attorney discipline. Rule 1, Rules of Discipline for the Mississippi Bar. The Bar acknowledges that Dorhauer was an active member of the Mississippi Bar and in good standing at the time of this complaint.
 

 ¶ 9. Rule 18 of the Mississippi Rules of Discipline provides:
 

 When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceeding in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.
 

 ¶ 10. The Mississippi Bar recommends the imposition of reciprocal discipline by this Court against Dorhauer for engaging in unprofessional and unethical conduct evincing unfitness for the practice of law. The Mississippi Bar confirms that Do-rhauer was one of its active members and in good standing at the time of the events that generated this complaint.
 

 ¶ 11. Dorhauer filed an answer with this Court and admitted pleading guilty to inciting a felony in Louisiana, but maintains his innocence in this matter. He argues that he did not alter medical records and instead alleges that Delaune, his client, altered the medical records because she “has engaged in documented acts of fraud in prior automobile accidents.” However, Dorhauer offers no evidence in support of these allegations.
 

 ¶ 12. The Supreme Court of Louisiana’s decree, which is attached to the Bar’s complaint, constitutes “conclusive evidence of the guilt of the offense or unprofessional conduct” pursuant to Rule 13.
 
 In Re Dorhauer,
 
 998 So.2d 77. In a Rule 13 proceeding, this Court will not engage in further fact finding after a sanction is imposed on an attorney by another jurisdiction, and the sole issue to be determined is “the extent of final discipline to be im
 
 *613
 
 posed on the attorney in this jurisdiction.”
 
 Miss. Bar v. Ishee,
 
 987 So.2d 909, 911 (Miss.2007) (citing
 
 Miss. Bar v. Shah,
 
 749 So.2d 1047, 1049 (Miss.1999)).
 

 ¶ 13. Absent extraordinary circumstances, this Court applies the doctrine of reciprocity, where the sanction imposed by this Court generally reflects the sanction imposed in the referring jurisdiction.
 
 Miss. Bar v. Michael E. Gilmer,
 
 949 So.2d 689, 690 (Miss.2006) (citing
 
 Miss. Bar v. Drungole,
 
 913 So.2d 963, 970 (Miss.2005)). This Court may impose a sanction which is either more or less severe than the sanction imposed by another jurisdiction.
 
 Ishee,
 
 987 So.2d at 911 (citing
 
 Miss. Bar v. Gardner,
 
 730 So.2d 546, 547 (Miss.1998)).
 

 In assessing a sanction in an attorney discipline case, this court applies the following nine criteria: (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) the protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer’s mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors.
 

 Rogers v. Miss. Bar,
 
 731 So.2d 1158, 1171 (Miss.1999) (quoting
 
 Miss. Bar v. Felton,
 
 699 So.2d 949, 951 (Miss.1997)). The accused attorney may offer this Court any mitigating factors which he thinks serve to diminish his culpability and subsequently diminish the severity of the sanction to be imposed by this Court.
 
 Miss. Bar v. Strauss,
 
 601 So.2d 840, 844 (Miss.1992).
 

 ¶ 14. The Louisiana Board of Professional Responsibility, either directly or implicitly, considered the above criteria in determining the appropriate sanction against Dorhauer.
 
 See Dorhauer,
 
 998 So.2d 77. While Dorhauer offers several mitigating factors to this Court for its consideration, he cites no “extraordinary circumstances which compel, justify or support variance” from Louisiana’s sanction.
 
 Drungole,
 
 913 So.2d at 970.
 

 ¶ 15. Dorhauer’s first argument is that the Louisiana Bar was too harsh in its punishment, and that inequities are seen in the Louisiana Supreme Court’s recent sanctions treatment of “politically connected” attorneys. Dorhauer cites
 
 In Re White,
 
 996 So.2d 266 (La.2008), in which counsel for A1 Copeland was convicted in federal court of misprision of felony. While the Office of Disciplinary Counsel recommended that White be permanently disbarred, the Supreme Court of Louisiana found sufficient mitigating factors and rejected the board’s recommendation of permanent disbarment.
 
 Id.
 
 at 274. Do-rhauer also cites
 
 In Re Brown,
 
 860 So.2d 534 (La.2003), in which Louisiana’s former insurance commissioner was convicted of making false statements to federal investigators. Brown was suspended from practicing law and was subsequently reinstated.
 
 Id.
 
 Even if this Court were in a position to pass judgment on the alleged inequities of the Louisiana Supreme Court’s sanctions, which it is not, Do-rhauer’s conviction of the charge of inciting a felony, combined with the alteration of medical records and submission of false settlement documents, would lead us to the same result we reach today.
 

 ¶ 16. Dorhauer’s second argument is that he is a young, practicing attorney who was given entirely too large a load, consisting of more than 200 open cases by the Guiard Law Firm. A heavy case load, however, provides no excuse for Dorhauer’s felonious conduct as a lawyer.
 

 ¶ 17. Finally, despite his recent conviction of inciting a felony, Dorhauer notes that he has an otherwise clean record, with no Bar complaints. He argues that he
 
 *614
 
 maintained an “exceptional reputation, both professionally and personally” in his community, and that he passed multiple background checks for the Louisiana State Bar, the Mississippi State Bar, and the Alabama State Bar. He also notes that, upon the review of all of his other case files, the Guirard Law Firm found no irregularities. We do not find these to be extraordinary circumstances or mitigating factors which compel, justify, or support a variation from Louisiana’s sanction.
 

 ¶ 18. We also recognize that Rule 6 of our own Rules of Discipline provides for disbarment following a plea of guilty to any felony in any state or federal court. Dorhauer’s guilty plea for inciting a felony requires disbarment.
 

 III.
 

 IT IS THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:
 

 1. Douglas C. Dorhauer is hereby permanently DISBARRED from the practice of law in the State of Mississippi.
 

 2. This order shall constitute notice of permanent disbarment in this cause.
 

 3. The Clerk of the Mississippi Supreme Court shall forward an attested copy of this order to Douglas C. Dorhauer and the Executive Director of the Mississippi Bar, and to the Mississippi Executive Director’s counterpart with the Louisiana Bar.
 

 4. Douglas C. Dorhauer shall, within thirty days following entry of this order, notify clients and affected courts of his disbarment and comply with all other requirements applicable to disbarred attorneys pursuant to Rule 11 of the Rules of Discipline for the Mississippi Bar.
 

 5. Douglas C. Dorhauer shall file, within forty-five days following entry of this order, an affidavit with this Court stating that all his clients have been notified of his disbarment and his consequent inability to practice law in the State of Mississippi and that he has fully complied with all requirements set forth in Rule 11 of the Rules of Discipline for the Mississippi Bar.
 

 6.The Mississippi Bar shall have and recover from Douglas C. Dorhauer all of its costs and expenses of this disciplinary action.
 

 SO ORDERED, this the 9th day of November, 2009.