Serial: **262055**

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 2008-BD-01884-SCT

*THE MISSISSIPPI BAR*

*v.*

*JAMES F. VALLEY*

**FILED**

MAY 2 6 2026

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

### EN BANC ORDER

The Mississippi Bar filed an amended formal complaint requesting reciprocal discipline for James F. Valley after he was suspended from practicing law by the Supreme Court of Arkansas. After review, the Court agrees Valley should be suspended and suspends Valley from the practice of law in Mississippi for five years.

### I.

Valley was admitted to the Mississippi Bar on September 22, 1995. His history of violating the rules of professional conduct stretches back nearly that far.

In 2002, Valley was reprimanded by the Arkansas Supreme Court for violating Arkansas Rules of Professional Conduct 1.3, 3.2, and 8.4(d). He had failed to timely submit an appellate brief for his client after receiving eight extensions to do so. The delay was especially egregious because the appeal concerned an election matter and, as the Supreme Court of Arkansas noted in its opinion, "prompt consideration is often important in such matters." *Etherly v. Eddy*, 57 S.W.3d 116, 117 (Ark. 2001) (citing *State ex rel. Robinson v. Craighead Cnty. Bd. of Election Comm'rs*, 779 S.W.2d 169, 172 (Ark. 1989)).

In 2006, Valley was reprimanded and fined by the Arkansas Supreme Court for violating Arkansas Rules of Professional Conduct 1.1, 1.3, and 1.4(a). He had filed a divorce case in the wrong venue, had failed to timely answer a counterclaim, and had failed to notify his client of multiple hearings in her divorce action. His inaction ultimately led to his client's husband, along with a police officer, showing up at her home and demanding possession of multiple pieces of property pursuant to a court order that she knew nothing about.

In 2007, Valley was reprimanded by the Arkansas Supreme Court for violating Arkansas Rules of Professional Conduct 1.3, 1.15(a), and 5.5(a). He had failed to diligently pursue a name change petition, had failed to put the fee for that matter in a trust account, and had practiced law while his Arkansas license was administratively suspended. In 2002, Sam Gilmore had hired Valley to pursue a name change for his daughter who was born in Clarksdale, Mississippi. Gilmore paid Valley, who then filed a petition in Coahoma County Chancery Court. Despite notice from the court, however, Valley never followed up with the court, and the name change petition was dismissed for want of prosecution.

In 2008, Valley was suspended for thirty days by the Arkansas Supreme Court for violating Arkansas Rules of Professional Conduct 1.3 and 1.4(a). He had failed to pursue an abatement of child support for a client and had failed to communicate with that client. Zederick Jackson had hired Valley to contest $1300 in child support. Valley waited more than a year to file anything with the court and consistently avoided communicating with Jackson when he would call to ask about his case.

After the 2008 suspension by the Arkansas Supreme Court, the Mississippi Bar filed a formal complaint seeking reciprocal discipline. At the time, however, the Bar was unable to locate Valley in order to serve him with process. Therefore, the Bar filed a motion to dismiss without prejudice, which the Court granted on December 3, 2009. Order, *Miss. Bar v. Valley*, No. 2008-BD-01884-SCT (Miss. Dec. 3, 2009).

The following year, the Bar filed a motion to reopen the case, asserting that they had found Valley and that he agreed to waive service of process. However, after reopening the case, Valley reneged and refused to waive service, and the Bar was unable to otherwise serve him. So, again, the Bar filed a motion to dismiss without prejudice, which the Court granted on March 31, 2011. Order, *Miss. Bar v. Valley*, No. 2008-BD-01884-SCT (Miss. Mar. 31, 2011).

In 2017, Valley was reprimanded and fined by the Arkansas Supreme Court for violating Arkansas Rule of Professional Conduct 8.4(d). He had failed to appear for a jury trial in a criminal matter. While representing a client in a felony case, Valley claimed he had a conflict on the day that the court had set for trial. Nevertheless, the trial judge ordered Valley to appear. On the day of the trial, a pool of fifty-nine jurors was convened, but Valley failed to appear, and the jury had to be sent home. After a show-cause hearing, the court found Valley in contempt and ordered him to pay fees and fines totaling $1,499.80.

In February 2023, Valley was suspended for two months by the Arkansas Supreme Court for violating Arkansas Rules of Professional Conduct 1.3, 3.4(d), and 8.4(d). He had failed to respond to court ordered discovery and had failed to respond to a motion for

3

summary judgment, which ultimately led to a grant of summary judgment against his client. He was also ordered to pay costs associated with the matter.

In March 2023, Valley was suspended for three months by the Arkansas Supreme Court for violating Arkansas Rules of Professional Conduct 1.3, 1.4(a), and 8.1(b). He had accepted representation and payment but had failed to take any action or communicate with his client. Valley's client had hired and paid him, but then the client never heard from him again, despite repeated attempts to contact him. Valley also had failed to cooperate in the disciplinary investigation.

Simultaneous with the three month suspension, Valley was suspended for six months by the Arkansas Supreme Court for violating Arkansas Rules of Professional Conduct 1.3, 1.4(a), 8.1(b), and 8.4(d) in another matter. He had failed to comply with deadlines in a bankruptcy case, had failed to communicate with his client, had failed to attend hearings, and had again failed to cooperate with the disciplinary investigation. His repeated failure to comply with deadlines in his client's bankruptcy case caused the case to last more than four years and ultimately led to its dismissal.

On September 8, 2025, the Court granted the Mississippi Bar's motion to reopen Valley's case and file an amended complaint. The Bar had received notice of Valley's additional suspensions. In its complaint, the Bar requests that the Court suspend Valley from the practice of law in Mississippi for one year and assess him costs and expenses incurred from the filing of its amended complaint.

## II.

"This Court reviews bar disciplinary matters *de novo* and 'has exclusive and inherent jurisdiction in matters pertaining to attorney discipline.'" *Miss. Bar v. Hessler*, 396 So. 3d 287, 289 (¶ 5) (Miss. 2023) (quoting *Miss. Bar v. Drungole*, 913 So. 2d 963, 966 (Miss. 2005)).

> Rule 14(b) of the Rules of Discipline for the Mississippi State Bar provides that "[a] final adjudication in another jurisdiction that an attorney admitted to practice in the State of Mississippi has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in the State of Mississippi." All that remains for this Court is to determine "the extent of the final discipline to be imposed upon the attorney in this State, which may be more or less severe than the discipline imposed by the other jurisdiction." *Id.*

*Miss. Bar v. Mayers*, 396 So. 3d 293, 295 (¶ 12) (Miss. 2024) (alteration in original). Therefore, the Supreme Court of Arkansas's determination of misconduct is accepted by the Court, and "the sole issue before this Court is the discipline to be imposed." *Miss. Bar v. Mount*, 298 So. 3d 409, 411 (¶ 9) (Miss. 2019) (internal quotation marks omitted) (quoting *Miss. Bar v. Clegg*, 255 So. 3d 150, 152 (Miss. 2017)). "This Court may impose a sanction that is more severe or less severe than that imposed by another jurisdiction." *Miss. Bar v. Hughes*, 268 So. 3d 1283, 1288 (¶ 16) (Miss. 2018) (citing *Miss. Bar v. Dorhauer*, 38 So. 3d 610, 613 (Miss. 2009)); *see also* M.R.D. 14(b) ("[T]he final discipline . . . may be more or less severe than the discipline imposed by the other jurisdiction.").

The Court considers nine factors when determining the severity of a sanction in an attorney discipline case:

(1) The nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of dignity and reputation of the legal profession; (4) the protection of the public; (5) sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating or mitigating factors.

*Miss. Bar v. Ogletree*, 226 So. 3d 79, 83 (¶ 12) (Miss. 2015) (quoting *McIntyre v. Miss. Bar*, 38 So. 3d 617, 625 (Miss. 2010)). "Each criterion need not be addressed separately, 'so long as each is taken into consideration.'" *Mayers*, 396 So. 3d at 296 (¶ 17) (internal quotation marks omitted) (quoting *Miss. Bar v. Beal*, 167 So. 3d 180, 186 (Miss. 2014)).

*Nature of the Misconduct and Duty Violated*

Factors one and six can be considered together, as the nature of Valley's misconduct and the duties he violated overlap. An attorney owes duties of competence, diligence, and communication to his clients, duties of candor and compliance to the tribunals before which he appears, and a duty of cooperation to the disciplinary authorities charged with overseeing the profession. M.R.P.C. 1.1, 1.3, 1.4, 3.3, 8.1; M.R.D. 2(b). Valley has violated all of the listed rules over the course of more than two decades.

Valley's misconduct is not the result of a single lapse in judgment or an isolated failure under pressure. It is a consistent pattern. He has neglected clients' cases, failed to communicate with his clients about the status of their matters, filed cases in the wrong venue, missed deadlines, failed to appear for hearings and trials, failed to respond to discovery, and failed to maintain client funds in a trust account. He has also practiced law while his license was administratively suspended. When called to account by disciplinary authorities, he has repeatedly failed to cooperate with investigations. When the Mississippi Bar sought to serve

6

him with process in the instant proceeding, he first evaded service altogether and then agreed to waive service, but he reneged.

The duties Valley violated are some of the most basic of the Mississippi Rules of Professional Conduct. Rule 1.1 requires competence. Rule 1.3 requires diligence. Rule 1.4 requires communication. Rule 1.15 requires the proper handling of client funds. Rule 3.4 requires compliance with court obligations. Rule 5.5 prohibits unauthorized practice. Rule 8.1 requires cooperation with disciplinary authorities. Rule 8.4 prohibits conduct prejudicial to the administration of justice. Valley has managed to violate the above-identified foundational obligations across ten separate disciplinary proceedings spanning twenty-one years. The first and sixth factors weigh in favor of significant discipline.

*Deterrence and Protection of the Public*

Factors two and four both point toward the same conclusion: the purpose of attorney discipline is not simply punitive but protective. *Hessler*, 396 So. 3d at 290 (¶ 10) (quoting *Ogletree*, 226 So. 3d at 83). The public entrusts attorneys with matters of profound importance. Valley's clients paid him to handle an election appeal, a divorce, a name change, a child-support dispute, a bankruptcy, and a felony defense. In each instance, Valley's neglect left real people worse off than when they found him. His client in the divorce action was blindsided at her own home by a court order she knew nothing about. His client in the bankruptcy case watched a proceeding that should have concluded in a fraction of the time drag on for years before ultimately being dismissed entirely. His client in the felony matter had an attorney who could not be bothered to appear for trial.

7

The need for deterrence is high. Valley has been reprimanded, fined, and suspended multiple times, and none of it has produced any discernible change in his conduct. The 2002 reprimand did not deter the 2006 reprimand. The 2006 reprimand did not deter the 2007 reprimand. The 2008 suspension did not deter the 2017 reprimand, which did not deter the 2023 suspensions. The discipline imposed by Arkansas has been ineffective in curbing Valley's misconduct. The Court hopes that its own sanction sends an unambiguous message that Valley's pattern of conduct will not be tolerated. The second and fourth factors weigh in favor of significant discipline.

*Preservation of the Dignity and Reputation of the Legal Profession*

The legal profession depends on public confidence, and public confidence depends on accountability. Valley's conduct represents the kind of sustained disregard for professional obligations that, left unsanctioned, erodes that confidence. He has taken clients' money, ignored their cases, avoided their calls, and then left *them* to suffer the consequences. He has wasted the time of his clients, courts, jurors, and opposing parties. He has stonewalled disciplinary investigators. He has evaded service of process of the instant complaint for years.

To preserve the dignity and reputation of the profession, a sanction proportionate to the significance of the record before us is required. Factor three weighs in favor of significant discipline.

8

*Sanctions Imposed in Similar Cases*

The Court has imposed a range of sanctions in reciprocal discipline cases involving repeated neglect and incompetence. In *Mayers*, 396 So. 3d at 296 (¶ 19), the Court disbarred an attorney who had been disbarred in Tennessee for mishandling client funds and altering bank records, which she then submitted to the Tennessee Bar. She also violated Tennessee's temporary suspension, repeatedly. *Id.* at 294 (¶ 4). In *Hughes*, the Supreme Court of Louisiana had found that Hughes repeatedly acted contrary to the rules of professional conduct and "demonstrated a blatant and incorrigible inability to conform to the rules imposed on any aspect of her career . . . be it notary, attorney, candidate, or judge." *Hughes*, 268 So. 3d at 1285 (¶ 3) (internal quotation mark omitted) (quoting *In re Hughes*, 874 So. 2d 746, 790 (La. 2004)). Our Court reciprocally disbarred Hughes. *Id.* at 1289 (¶ 19). In *Mississippi Bar v. Gilmer*, 949 So. 2d 689 (Miss. 2006), the Tennessee Supreme Court had suspended Gilmer for five years because of multiple complaints stating he was hired for legal services but "failed to follow through with the cases for which he was retained." *Id.* at 690 (¶ 3). The Court determined he should be likewise suspended in Mississippi. *Id.* at 691 (¶ 14).

Valley's record—at least nine disciplinary proceedings, violations spanning more than two decades, and sanctions that have repeatedly failed to alter his behavior—demonstrates conduct well beyond the range of ordinary neglect cases.

*Actual or Potential Injury*

The injuries caused by Valley's misconduct are not hypothetical. Clients lost cases they might have won. A client's election appeal stalled while the election result remained in limbo. A client was subjected to a court ordered property transfer she never knew was coming. A client's name change petition was dismissed for want of prosecution. A client's child-support dispute lay dormant for over a year. A client's bankruptcy case was dismissed after years of unnecessary delay. The actual injury to clients is substantial and, in at least some cases, irreversible. Factor eight weighs in favor of significant discipline.

No evidence in the record suggests that factor seven, the lawyer's mental state, is at issue. Valley's long history of violations could be considered an aggravating circumstance. No evidence in the record shows a mitigating circumstance for factor nine.

### III.

In consideration of the facts before the Court, the Bar's requests for a suspension from the practice of law in the state of Mississippi as well as costs associated with the instant proceedings are appropriate. However, given Valley's repeated and egregious violations, showing a course of violative conduct resistant to prior disciplinary efforts, we suspend Valley for five years instead of the single year requested by the Bar.

IT IS, THEREFORE, ORDERED that, pursuant to Rule 14 of the Rules of Discipline for the Mississippi State Bar, James F. Valley is hereby suspended from the practice of law in the state of Mississippi for a period of five years from the date of the entry of the order.

IT IS FURTHER ORDERED that James F. Valley shall notify clients, parties, and courts of his suspension in accordance with Rule 12(d) of the Rules of Discipline for the Mississippi State Bar.

IT IS FURTHER ORDERED that James F. Valley may be reinstated to the privilege of practicing law only upon petition to and order of the Court pursuant to Rule 13 of the Rules of Discipline for the Mississippi State Bar.

IT IS FURTHER ORDERED that the Bar is entitled to recover from James F. Valley all costs associated with the instant proceedings.

IT IS FURTHER ORDERED that Valley's "Motion to Suspend Rules and Not Impose Immediate Suspension Under Rule 13(a)" is denied.

SO ORDERED, this the 26 day of May, 2026.

JOSIAH DENNIS COLEMAN,
PRESIDING JUSTICE
FOR THE COURT

**ALL JUSTICES AGREE.**

11